UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILLS HOWARD,

    Plaintiffs,

vs.                                                              Case No. 11-10897

CHASE HOME FINANCE, LLC,                  HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13)
## AND
## DISMISSING CASE[1]

### I. Introduction

This is another of one of many cases pending in this district involving a default on a home mortgage and the commencement of foreclosure proceedings. In this particular case, the foreclosure proceedings have ended and the redemption period has expired. Plaintiff Hills Howard is suing defendant Chase Home Finance, LLC[2] making several claims relating to the foreclosure proceedings. The complaint alleges five counts, as follows:

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] In 1998, Banc One Corp. merged with First Chicago NBD, under the name of Bank One Corp. In 2004, Bank One Corp. merged with J.P. Morgan Chase & Co. See http://www.jpmorganchase.com/corporate/About-JPMC/jpmorgan-history.htm (last visited July 17, 2012). Chase Home Finance LLC is part of JP Morgan Chase Bank.

      Count I - Misrepresentation

      Count II - Wrongful Foreclosure

      Count III - Slander of Title

      Count IV - Quiet Title

      Count V - Exemplary Damages

Before the Court is Chase's motion for summary judgment under Fed. R. Civ. P. 56. For the reasons that follow, the motion will be granted.

## II.  Background

On January 16, 1998, Howard obtained a loan in the amount of $87,000.00 from First Chicago NBD Mortgage Company to purchase property located at 1731 Campau Farms Circle, Detroit, Michigan.  In connection with the loan, Howard signed a promissory note.  As security for the loan, Howard granted a mortgage on the property, dated January 16, 1998, and recorded with the Wayne County Register of Deeds on February 28, 1998, Liber 29794, Page 477.  The mortgage provides, among other things, that Howard "shall pay all taxes, assessments, charges, fines and impositions attributable to the Property . . . . [i]f [Howard] makes these payments directly, [Howard] shall promptly furnish to Lender receipts evidencing the payments."  The mortgage also notes that if property taxes are not current on the property, the Lender will pay the delinquent tax amount and establish an escrow fund to pay future taxes on Howard's behalf.

On October 4, 2004, Chase became servicer of the loan.  See Chase's Ex. D,

Affidavit of Thomas Reardon.[3]

In early 2008, Chase was notified by the Detroit City Treasurer of delinquent property taxes for the year 2002.[4] Chase paid the outstanding amount and established an escrow account on the loan. Based on an escrow analysis, the escrow account increased Howard's monthly mortgage payment from $404.43 to $2,382.78 as of March 2008.

Howard disputed payment of the 2002 taxes. Chase asked him for proof of payment. Howard did not provide proof at that time or at any time to date. At

---

[3] Howard attacks of the Reardon's affidavit. As Chase points out, the affidavit addresses only a single material fact: that Chase was the servicer of the mortgage. This fact was pleaded in Howard's complaint: "Plaintiff's mortgage was subsequently acquired by [Chase] who received payments and performed servicing on the mortgage loan." (Compl at ¶ 3) (emphasis added). Moreover, Howard has attached documents to the Complaint that reflect Chase's position as servicer. For example, Exhibit 6 to the Complaint is a partial account history from Chase, evidencing payments on the Loan and Exhibit 7 to the Complaint is an Acceleration Warning Letter from Chase's Default Loan Servicing Department. Thus, it is not clear why Howard is attacking the affidavit.

In any event, Howard asserts that the affidavit is not based on "personal knowledge," and therefore it must be disregarded. This contention lacks merit. The affidavit satisfies Rule 56(c)(4) because it is based upon personal knowledge, which is "not strictly limited to activities in which the declarant has personally participated," but instead can come from reviewing business records and the contents of files; affiants may testify to acts that they did not personally observe but which are described in records and files. Ridenour v. Collins, 692 F. Supp. 2d 827, 846 (S.D. Ohio 2010). It also complies with Rule 56(c)(4), in that the affidavit states that the affiant is competent to testify as to all matters stated therein.

Howard also asserts that the affidavit refers to an unidentified contract between unidentified parties and asserts that this mysterious contract must be attached to the affidavit. This assertion is not well-taken. First, Howard failed to identify the contract to which he refers or how this contract is relevant to this litigation, he has already conceded that Chase was the service of the loan. Second, nothing in Rule 56(e) requires attachments to affidavits.

[4] The Detroit City Treasurer also notified of delinquent taxes for the year 2007. According to Chase, the 2007 taxes were resolved prior to this litigation.

deposition in this case, Howard indicated that his only proof of payment is his "memory."

In June 2008, Chase performed another escrow analysis which reduced Howard's monthly mortgage payment to $1,892.22. In August 2008, the payment was reduced to $1,793.48. In August 2009, a new escrow analysis reduced the payment to $929.06.

Chase says that once it established the escrow account, Howard stopped making loan payments.

In 2009, Howard was notified by Chase that the loan was in default "for failure to pay the monthly installments and late charges" in the amount of approximately $4,000.00.

During the investigation of the tax dispute, Chase agreed to accept reduced payments from Howard.

In May 2010, Chase concluded its investigation and determined the loan was due for the February 2010 monthly mortgage payment of $929.06 and that there was a negative balance in the escrow account of $5,573.55.

It appears that Howard did not make the loan current.

On July 15, 2010, the mortgage was assigned to Chase. See Chase's Ex. C, Assignment.

On July 21, 2010, Chase first published notice of foreclosure proceedings.

On July 26, 2010, the assignment of the mortgage to Chase was recorded with the Wayne County Register of Deeds, Liber 48662, Page 264.

On September 29, 2010, a Sheriff's sale was held. Chase was the successful

bidder at the Sheriff's Sale.

On January 14, 2011, Howard sued Chase in state court. Chase timely removed the case to federal court.

On September 29, 2011, Howard's right to redeem the property expired. Howard failed to redeem.

### III. Legal Standard

Summary judgment should be granted when the moving party establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir.2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." Hedrick, 355 F.3d at 451-52(citing Anderson, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. See Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 613 (6th Cir. 2003); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir.2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." Hedrick, 355 F.3d at 451 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden

on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); Fed. R. Civ. P. 56(e).  The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson, 477 U.S. 242, 252.  Thus, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.

### IV.  Analysis

Chase first argues that it is entitled to summary judgment on all of Howard's claims, because Howard failed to redeem the property and therefore lacks the ability to challenge the validity of the foreclosure.  Chase is correct.

Following foreclosure, the rights and obligations of the parties are governed by statute.  Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993).  Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property.  See M.C.L. § 600.3236; Piotrowski

v. State Land Office Bd., 302 Mich. 179, 187 (1942). Here, Chase purchased the property at a foreclosure sale on September 29, 2010. The redemption period expired on September 29, 2011. Because Howard failed to redeem the property before the redemption period expired, Chase became vested with "all the right, title, and interest" in the property by operation of law. At that point, Howard, the former owner, lost the ability to assert claims with respect to the property. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion); see also Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E. D. Mich. 2012), Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. Aug. 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010). An exception to this rule arises only where there is "a clear showing of fraud or irregularity" in the foreclosure process. Overton at *2 (quoting Schulthies v. Barron, 16 Mich. App. 246, 247–48, 167 N.W.2d 784 (1969)).

This outcome is not altered because Howard filed this lawsuit on January 14, 2011, prior to the expiration of the redemption period. Overton, 2009 WL 1507342, at * 1 (holding that the plaintiff's filing of his lawsuit did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in Overton:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."

>Schulthies v. Barron, 16 Mich. App. 246, 247-248, 167 N.W.2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187, 4 N.W.2d 514 (1942); MCL 600.3236.

Id. In short, once the redemption period expired, Howard could no longer assert defects in the foreclosure proceedings and/or the sheriff's sale.

Howard, however, says that he can challenge the foreclosure because Chase had no interest in the mortgage at the time it first posted notice of foreclosure proceedings, citing Davenport v. HSBC Bank USA, 275 Mich. App. 344, 346 (2007). Howard's reliance on Davenport is misplaced. In Davenport, the foreclosing entity conceded that it had no interest in the mortgage loan at the time it commenced foreclosure. Here, however, Chase serviced the mortgage from October 2004 through and including the date of the Sheriff's sale. Under Michigan law, a servicer, such as Chase, can conduct foreclosure proceedings. See M.C.L. § 600.3204(1)(d). Thus, the fact that Chase's assignment of the mortgage was not recorded until a few days after the first notice of foreclosure was filed is of no consequence. Moreover, the assignment was clearly recorded before the actual foreclosure sale occurred.

To the extent that plaintiff contends that Chase could not foreclose by advertisement, he cannot prevail. The Michigan Supreme Court has held that the mortgagee is "the owner ... of an interest in the indebtedness secured by the mortgage" capable of seeking foreclosure by advertisement. Residential Funding Co. v. Saurman, 490 Mich. 909, 805 N.W.2d 183 (2011) (quoting Mich. Comp. Laws § 600.3204(1)(d)).

As to setting aside the foreclosure, the Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to

warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937).

Here, at best Howard alleges that Chase improperly foreclosed because of a tax arrearage that Chase failed to remedy. However, Chase had the right to establish an escrow account. Howard has not provided evidence that he paid the delinquent taxes or otherwise show any irregularity in the foreclosure proceedings sufficient to create a genuine issue of material fact as to any defect in the foreclosure.

Chase also advances other arguments in support of its motion. In light of the fact that the redemption period has expired and Howard has not established a genuine issue of material fact as to whether (1) Chase had the ability to foreclosure and/or (2) whether the foreclosure was improper, it is not necessary to address Chase's alternative arguments, however well-taken they may be.

## V. Conclusion

For the reasons stated above, Chase's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

Dated: August 2, 2012          S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 2, 2012, by electronic and/or ordinary mail.

                               S/Julie Owens
                               Case Manager, (313) 234-5160